REBECCA J. ROGERS, appellant, *vs.* JAMES E. MARSTON.

Cumberland. Opinion June 12, 1888.

*Probate practice. Heir. Executor and administrator.*

The next of kin and heir at law of a testator has sufficient legal interest in the estate to authorize him to petition the probate court that the executor be required to render his final account.

ON report of facts agreed.

Appeal from the decree of the judge of probate.
The facts are stated in the opinion.

*John A. Waterman and C. W. Goddard,* for the appellant, cited: *Davis* v. *S. D. No. 2, in Bradford,* 24 Maine, 351; *Estes* v. *S. D. 19, in Bethel and Milton,* 33 Maine, 171; *Whittier* v. *Sanborn, and al.* 38 Maine, 34; *Jordan* v. *S. D. No. 3, in Lisbon and Webster,* 38 Maine, 169; *Norton* v. *Soule,* 75 Maine, 386; *S. D. No. 3, in Sanford* v. *Brooks,* 23 Maine, 543; R. S., c. 11, § § 40, 48; R. S., c. 3, § 51; *Bugbee and wife* v. *Sargent and al.* and cases there cited, 23 Maine, 271: R. S., c. 75, § § 1, 7; *Walker* v. *Bradbury,* 15 Maine, 207, 210, 216; *Potter, Judge,* v. *Cummings,* 18 Maine, 55; R. S., c. 64, § 9, p. 3; § § 55, 56; *Veazie Bank* v. *Young,* 53 Maine, 560; also *Farrar* v. *Parker,* 3 Allen, 556; *Smith* v. *Sherman,* 4 Cush. 408; *Boynton* v. *Dyer,* 18 Pick. 1; *Smith* v. *Bradstreet,* 16. Pick. 264; *Lawless* v. *Reagan,* 128 Mass. 592, and *Pierce, Exr.* v. *Gould,* a Massachusetts case decided in Essex county in January, 1887.

*W. F. Lunt,* for the defendant.

"School districts, whether a part of one or more towns, which have exercised the privileges of a district for one year, are presumed to be legally organized; and all districts legally organized are corporations with power to hold and apply real and personal estate for the support of schools therein, and to sue and be sued." Section 40, ch. 11, R. S. The power to sue

and be sued gives to a corporation the right to settle or compromise claims.

When a city has a judgment from which an appeal is about to be taken, the council may, if done in good faith, cancel the judgment on the payment of costs, and such an agreement, when executed, is binding upon the corporation. *Petersburg* v. *Mappin*, 14 Ill. 193 ; *Supervisors* v. *Bowen*, 4 Lansing, 24 ; 1 Dillon on M. Corp. § 398.

The duties by law imposed upon a school district as a corporation are of a public character, and all its powers are directed to the education of persons residing therein.

The purposes for which such a corporation exists are of a charitable nature, and almost all gifts for educational purposes are held to be charitable. 2 Perry on Trusts, § 700 ; *Jackson* v. *Phillips*, 14 Allen, 552 ; *Swasey* v. *Amer. Bible So.* 57 Maine, 527 ; *Tainter* v. *Clark*, 5 Allen, 66. If the school district is a mere trustee, it is not within its power to annul the trust. It may refuse to perform the duties of the trust, but it cannot affect the action of the will.

If the district is a trustee, (the children of the district being the *cestui que trust*,) and has abused its trust, an heir at law of the testator is not specially injured.

"If the trustee of a charity abuse the trust, misapply the charity fund or commit a breach of the trust, the property does not revert to the heir or legal representative of the donor, unless there is an express condition of the gift, that it shall revert to the donor or his heirs, in case the trust is abused." *Brown* v. *Meeting St. Baptist Soc.* 9 R. I. 177.

The rights of the beneficiary do not depend upon the trustee's acceptance. 2 Pom. Eq. 1007.

"Heirs and personal representatives of a donor have no beneficial interest reverting or accruing to themselves from the breach or non execution of a trust for a charitable use. *Sanderson* v. *White*, 18 Pick. 328 ; *Dublin's Case*, 38 N. H. 459 ; *Chapin* v. *School Dist.* 35 N. H. 445 ; *Hadley* v. *Hopkins*, 14 Pick. 241. And numerous cases cited in note 1, to section 744, 2 Perry on Trusts.

LIBBEY, J.   The matters in contention between the parties in this case arise in the settlement of the estate of Crispus Graves, who died testate in 1879.   His will was probated and the respondent was duly appointed and qualified as executor in April of that year.   By his will the testator first provided that his brother, Ebenezer C. Graves, have his maintenance out of his estate during his life.   The second clause in the will is as follows : "After the decease of said Ebenezer I give, devise, and bequeath to school district numbered five, in the town of Falmouth, all the residue of my estate, both real and personal, wherever the same may be found, for the purpose of educating the children of said district."   Ebenezer died September, 1884.   On the third Tuesday of February, 1885, the respondent settled, in probate court, his first account as executor, by which there appeared in his hands a balance of five thousand four hundred five dollars and thirty-three cents.

The petitioner is of next of kin, and one of the heirs at law of said Crispus Graves, and in April, 1886, she petitioned the probate court that said executor be required to settle his final amount of his administration of said estate.   In June, 1886, the respondent appeared and filed his answer to the petition, claiming that the petitioner had not by law nor by the provisions of the will, any interest in the estate.

In support of his answer, the respondent relies on a release from said district, dated April 10, 1885, executed by one Wilder, agent, duly authorized therefor by vote of the district, by which the district, "in consideration of the sum of four hundred dollars, ($400) the receipt of which is hereby acknowledged, do hereby release, compromise, settle and discharge its claim against James C. Marston, executor of the last will and testament of Crispus Graves, late of Deering, deceased, for all sums of money *due it or claimed by it* under said will, as shown by said Marston's account."

By this it appears that the school district, for four hundred dollars released all claim it had as residuary legatee, and it would seem that the respondent, in his said capacity, still holds in his

hands, belonging to said estate, five thousand fifty dollars and thirty-three cents.

After hearing the parties, the judge of probate adjudged "that the petitioner, though one of the heirs at law and next of kin of said deceased, is not by law, nor the provisions of the will of the deceased, interested in said estate ' or the subject," and decreed that the petition be dismissed.

We think this decree erroneous. The question is raised and discussed by counsel whether a school district can take by devise, property to be held in trust for the education of its children. The question is not free from doubt ; much may be said on both sides, but the school district and all the heirs at law, interested in the question, have not been notified and are not before the court, and, as the decision of the question is not necessary, in our opinion, to the result of the case before us, we do not decide it.

If a school district can take by devise, money to be held and used for the education of its children, it can only be by direct vote of the district in legal meeting, accepting it. If taken and held for such a trust, the court has jurisdiction to enforce the execution of the trust, and if the fund should be lost by embezzlement, misappropriation, or negligence, a decree might be rendered therefor against all the inhabitants of the district, so that the matter might interest many who would receive no direct benefit. The case does not show any such acceptance. The vote to discharge any claim it might have before acceptance, for a small percentage cannot be held to be an acceptance of the devise by the district.

Then if the school district took by the devise, and released, five thousand dollars of it in the hands of the executor, it presents a proper question for the decision of the court whether he does not hold it, in his capacity, for the benefit of the heirs of his testator.

But the first step in the litigation is the settlement by the executor of his final account. Until that is done it cannot be assumed that there will be anything in his hands for distribution. When that is done, if there is anything remaining in his hands,

the questions to which we have alluded, can properly be raised by a petition for a decree of distribution, or by bill in equity, when all the parties interested will be summoned in and have a right to be heard. We only decide now, that an heir at law has a right to petition the probate court that the executor be required to settle his final account.

> *Decree of probate court reversed. Respondent required to settle his final account as prayed for. Case remanded to probate court for further proceedings.*

PETERS C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.